UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY MCCULLOUGH,

    Plaintiff,

Case No. 13-10282

HONORABLE GERALD E. ROSEN

v.

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.
_____/

**ORDER SUMMARILY DISMISSING COMPLAINT**

    This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Perry A. McCullough is a federal prisoner housed at the Federal Correctional Institution in Big Spring, Texas. Plaintiff filed a combined motion for an order to show cause and a temporary restraining order pursuant to Fed. R. Civ. P. 65, asserting that various federal officials in Texas failed to comply with an injunction issued by this Court in *Jones v. Caruso*, No. 05-72817 (E.D. Mich. Sept. 28, 2006) (Hood, J.).[1]

    Plaintiff did not pay the filing fee, and instead applied to proceed *in forma pauperis*. See 28 U.S.C. §§ 1914, 1915. Plaintiff, however, failed to apply to proceed *in forma pauperis* in the manner required by law. Under the provisions of the Prison Litigation

---

[1]. In *Jones*, a prisoner civil rights case, a Michigan state prisoner obtained a preliminary injunction against Michigan state prison officials, enjoining them from enforcing a Michigan Department of Corrections policy directive prohibiting prisoners from receiving or possessing certain Uniform Commercial Code materials. *See Jones v. Caruso,* 569 F.3d 258 (6th Cir. 2009).

Reform Act of 1995, a prisoner wishing to proceed *in forma pauperis* must file a certified trust fund account statement and an affidavit of indigence. 28 U.S.C. §1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Plaintiff failed to file a certified trust fund account statement and failed to file an affidavit that complies with the requirements of 28 U.S.C. § 1915.

On March 5, 2013, the Court issued an order of deficiency, notifying plaintiff of the deficiency in his application and informing him that he must, within 30 days of the date of the notice, submit the $350.00 filing fee or, alternatively, file the required Prisoner's Application to Proceed without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. *See* Order of Deficiency for Prisoner Civil Action, dated March 5, 2013. (Dkt. 5). Plaintiff moved for an extension of time to file his response, asserting that he was scheduled to be transferred between prisons and was unable to obtain a copy of his trust fund account in time to comply with the Court's deficiency order. (Dkt. 6). On April 2, 2013, the Court granted Plaintiff an extension until May 6, 2013 to pay the filing fee or submit the requested documentation. *See* Order Granting Motion for Enlargement of Time, dated April 2, 2013 (Dkt. 7). The April 2, 2013 order noted that no further extension would be granted, and failure to comply could result in dismissal of the action.

Plaintiff has now filed a response to the Order of Deficiency. Plaintiff's response, however, fails to meet the requirements to proceed *in forma pauperis* as set out in the Court's March 5 and April 2, 2013 orders. Specifically, Plaintiff has again failed to file an

affidavit that includes a statement of all assets that he possesses. See 28 U.S.C. §1915(a)(1). Plaintiff has also again failed to submit a certified copy of his trust fund account for the 6-month period immediately preceding the filing of the complaint. See 28 U.S.C. §1915(a)(2). Submission of an sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.. *McGore*, 114 F.3d at 605. If a prisoner does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *Id.* If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.* The Court has notified Plaintiff of the deficiencies in his *in forma pauperis* application, but Plaintiff has failed to comply with the Court's notice within the time set forth in the notice. The Court will therefore dismiss the complaint for want of prosecution. *See Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003).

Plaintiff asserts that requiring him to comply with the statute or pay the filing fee violates his federal constitutional rights. This argument is without merit. The Sixth Circuit has addressed this issue, and held that the fee requirements of the PLRA do not deprive prisoners their right to access the courts, nor do they deprive the prisoner his right to freedom of expression, equal protection, procedural or substantive due process, or double jeopardy. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

Accordingly, the Court DISMISSES the complaint under 28 U.S.C. §§ 1914 and 1915 for failure to comply with the filing fee and *in forma pauperis* requirements. Because the case is being dismissed under these circumstances, the Court further ORDERS that it is

not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F.3d at 605.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 16, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 16, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135